THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY LAINS, and CARLENE GUSTIN LAINS,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C14-1982-JCC<br><br>ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' motion for partial summary judgment (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in part and DENIES the motion in part for the reasons explained herein.

## I. BACKGROUND

The Court has already summarized the factual background of the case in a prior order (Dkt No. 43 at 1–2) and will not do so again here. Plaintiffs have brought the present motion seeking summary judgment on several of their claims.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn there from in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Misrepresentation

Under Section 284-30-330(1) of the Washington Administrative Code ("WAC") it is unlawful for an insurance company to misrepresent pertinent facts of policy provisions. Plaintiffs argue that an August 13, 2014 letter to Plaintiffs' counsel by Defendant's adjuster Spencer Marsh in which Marsh wrote "[t]here is no mold infestation to our knowledge" (Dkt. No. 24, Ex. F at 1) constitutes clear evidence of misrepresentation such that there can be no genuine dispute of material fact as to the basis for their claim under this WAC provision.

Defendant argues that it acknowledged the presence of mold and accounted for its

1  removal costs in its repair estimates of July 24, 2014 and August 22, 2014. (Dkt. No. 42, Ex. F at
2  *8, Ex. K at *8, *43.) Defendant acknowledges the existence of the August 13, 2014 letter
3  stating that "[t]here is no mold infestation to our knowledge," but discounts it, claiming that it
4  was merely "confusing" and was, in any event, "irrelevant" given the repair estimates. (Dkt. No.
5  40 at 12.)

6       The Court finds Defendant knew of heavy mold as early as February, 2014. This is
7  reflected in Defendant's claim-file documents. (See Dkt. No. 24, Ex. Q at 12) (notation to photo
8  reading "Heavy mold in places. Must be eliminated with antimicrobial [sic] and cleaned prior to
9  odor sealing."). Further, the Court finds that Defendant's explanation for its conclusion that
10 "[t]here is no mold infestation to our knowledge" was itself a misrepresentation: before
11 expressing the belief that there was no mold infestation, the letter noted that "[t]he home was
12 properly demoded [sic] and mitigated by Servpro." (Dkt. No. 24, Ex. F at 1.) The Servpro
13 demolition process was completed in February 2014 (Dkt. No. 24, Ex. P.), but as late as July 17,
14 2015, Defendant's claim notes acknowledged the continuing need for mold remediation. (Dkt.
15 No. 24, Ex. R at 2192-94.) The Servpro demolition process therefore can not have possibly
16 provided Defendant with any reasonable or honest basis for determining that there was no mold
17 infestation.

18      Given this context, the claim that "[t]here is no mold infestation to our knowledge"
19 cannot be plausibly read as merely "confusing." Instead, it was a straightforward and
20 unequivocal denial of knowledge of a problem about which Defendant was fully aware. The
21 passing references acknowledging the expense of mold remediation in Defendant's repair
22 estimates of July 24, 2014 and August 22, 2014 do not change or significantly mitigate the
23 explicit denial of the problem contained in the August 13, 2014 letter. There is no question that
24 the misrepresentations were pertinent to the claim, as Defendant's own internal claim notes
25 consistently acknowledged the need for mold remediation. The Court therefore holds that there is
26 no genuine dispute as to any material fact about Defendant's violation of WAC section 284-30-

ORDER ON PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT
PAGE - 3

330(1), and Plaintiffs are entitled to judgment as a matter of law.

C.     **Denial of Payment**

Under WAC § 284-30-330(4), insurance companies are prohibited from denying payment without conducting a reasonable investigation. Plaintiffs argue that, despite knowing about heavy mold in the house in February, 2014, Defendant waited until a year after the loss to retain the services of an industrial hygienist, and that none of the RCV calculations have incorporated an industrial hygienist's findings or have taken into the account the cost to remediate the house for mold, asbestos, or lead. (Dkt. No. 25 at 16.) Moreover, Plaintiffs note that Defendant has never paid any money allocated to the remediation of the home pursuant to an industrial hygienist's protocol.

While these points are well-taken, the Court notes that, despite Defendant's misrepresentation about its knowledge of the mold problem (addressed above), it did provide repair estimates including line items for antimicrobial treatment (Dkt. No. 42, Ex. F, Ex. K.), and it has apparently never refused to make payment. The Court therefore finds a genuine issue of material fact as to whether Defendant denied payment without conducting a reasonable investigation. Summary judgment is, therefore, inappropriate for this claim.

D.     **Failure to Respond to Proofs of Loss**

Under WAC § 284-30-380(1), an insurer must notify a first party claimant whether its claim has been accepted or denied within fifteen working days after receipt of fully completed and executed proofs of loss. Plaintiffs provided proofs of loss on December 29, 2014, and Defendant has not yet responded. Plaintiffs argue that this is a violation of WAC 284-30-380(1). (Dkt. No. 25 at 17.) Defendant notes that the proofs of loss were not filed until after litigation had commenced, and argues that post-lawsuit conduct cannot give rise to a violation of WAC claims handling procedures. (Dkt. No. 40 at 15.)

When an insurer has already paid its insured and closed its file before the insured files suit, the act of filing suit effectively halts any claims settlement process and subjects plaintiffs to

the rules governing litigation. *See Stegall v. Hartford Underwriters Ins. Co.*, No. C08-688MJP, 2009 WL 54237, *1-3 (W.D. Wash. Jan. 7, 2009). In such cases, conduct occurring after the lawsuit is filed cannot give rise to WAC claims handling procedure violations. However *Stegall* did not "impose a broad rule that an insurer cannot be liable for unlawful claims handling after its insured sues." *Tavakoli v. Allstate Property & Casualty Insurance Co.*, No. C11-1587-RAJ, 203 WL 153905 at *4 n.1 (W.D. Wash. Jan. 15, 2013). Instead, "where the claim remains open, the insured's decision to sue its insurer does not cut off the insurer's obligations to adjust the claim." *Id*. at *3-4.

Here, Defendant continued to process Plaintiffs' claim even after Plaintiffs filed suit. (*See* Dkt. No. 24, Ex. F at 1; Ex. B. at 9, 73.) The case is therefore distinguishable from *Stegall*, in that it cannot be said that when "Plaintiffs filed this action, they effectively halted any claims settlement process." *Stegall*, 2009 WL 54237 at *3. The commencement of litigation therefore did not relieve Defendant of its WAC claims processing obligations. Because it is clear that Defendant failed to notify Plaintiffs whether their claim had been accepted or denied within fifteen working days after receipt of their fully completed and executed proofs of loss, there is no genuine dispute of material fact as to whether Defendant violated WAC § 284-30-380(1). Plaintiffs are entitled to summary judgment on this issue.

### E.   Bad Faith

An insurer who fails to adequately investigate a claim creates hardship for the insured who "must either perform its own investigation to determine if coverage should have been provided or take no action at all." *Coventry Associates v. American States Insurance Co.*, 136 Wn.2d 269, 281-82, 961 P.2d 933 (1998). Either way, the consequence of the bad faith investigation is that "the insured does not receive the full benefit due under its insurance contract." *Id*.

Here, Plaintiffs ask the Court to hold that Defendant's refusal to pay for the services of an industrial hygienist hired by Plaintiffs (Susan Evans) constitutes insurance bad faith because

Defendants forced Plaintiffs to hire Ms. Evans by refusing to conduct their own investigation to determine the extent of mold infestation and to determine the necessary scope of remediation. (Dkt. No. 25 at 18.) However, because Defendant's claims notes did make some acknowledgement of the mold problem, it is unclear at this stage of the proceedings whether Defendant's actions can be said to have forced Plaintiffs to pay for their own investigation. The Court therefore finds there is a genuine issue of material fact as to this issue, and that summary judgment is not warranted for the bad faith claim.

### F. Insurance Fair Conduct Act Claims

The Insurance Fair Conduct Act ("IFCA") is codified at RCW §§ 48.30.010(7) and 48.30.015. RCW 48.30.015(1) provides, inter alia, "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs." Plaintiffs argue Defendant unreasonably denied payment of benefits, including the costs of Ms. Evans' services and of remediating the property. (Dkt. No. 25 at 20-21.)

The Court finds that Defendant's inclusion of the cost of mold remediation in its repair estimates, coupled with the fact that Defendant has not refused to make payments, creates a genuine issue of material fact as to whether it unreasonably denied payment of benefits, despite what appears to have been inadequate attention to the problem, and despite Defendant's misrepresentation about its knowledge of the problem. This is a close call, but summary judgment is unwarranted for this claim.

### G. Extension of Additional Living Expense coverage

Plaintiffs request an entry of summary judgment holding that they are entitled to an extension of Additional Living Expense ("ALE") coverage. Their insurance policy provides 24 months of ALE coverage. Plaintiffs argue that Defendant "squandered the first year and a half of the ALE period by failing to properly investigate." (Dkt. No. 25 at 21.) Defendant has agreed to

1 extend the ALE period. (Dkt. No. 40 at 18.) Because a determination of the ALE issue will
2 ultimately help to resolve the IFCA dispute, Defendant's agreement does not moot the issue.
3 Nevertheless, the Court finds a genuine issue of material fact as to whether Defendant failed to
4 investigate. For that reason, it is premature to resolve the ALE dispute at this time, and summary
5 judgment on the matter is unwarranted.

6 **III.   CONCLUSION**

7       For the foregoing reasons, Plaintiffs' motion for partial summary judgment (Dkt. No. 25)
8 is GRANTED in part and DENIED in part. The motion is GRANTED in respect to the claims for
9 misrepresentation and failure to respond to proofs of loss under WAC § 284-30-330(1). The
10 motion is DENIED in all other respects.

11       DATED this 27th day of July 2015.

                                            John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE